IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MILLICENT CHIHOTA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-11-01273 |
| FULTON, FRIEDMAN & GULLACE, LLP | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This action arises out of a Complaint brought by Millicent Chihota ("Plaintiff" or "Chihota") against Fulton, Friedman & Gullace, LLP ("Defendant") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201 *et seq.* ("MCDCA") and the Consumer Protection Act,[1] Md. Code Ann., Com. Law, § 13-301, *et seq.* ("MDCPA"). Specifically, the Complaint alleges that in its collection efforts, Defendant violated the FDCPA "by misrepresenting the Plaintiff's right to dispute [her] debt." Pl.'s Compl. ¶ 18, ECF No. 1. The Complaint also alleges that Defendant engaged unfair and deceptive acts in violation of the Maryland statutes.

Pending before this Court is Defendant's Motion to Dismiss for Insufficient Service of Process (ECF No. 5) pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule

---

[1] Plaintiff's Complaint erroneously refers to the Consumer Practices Act, Md. Code Ann., Com. Law, § 13-301 *et seq.*

105.6 (D. Md. 2011). For the reasons that follow, Defendant Fulton, Friedman & Gullace, LLP's Motion to Dismiss for Insufficient Service of Process (ECF No. 5) is GRANTED.

BACKGROUND

Plaintiff filed the Complaint in this case on May 10, 2011 along with a Motion for Leave to Proceed *in forma pauperis*. Pl.'s Compl. at 1, ECF No. 1, and Mot. for Leave to Proceed, ECF No. 2. The Clerk of the Court issued a summons in this case on May 27, 2011, after this Court issued the Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3). Plaintiff then had 120 days, under Rule 4(m) of the Federal Rules of Civil Procedure, to perfect service on Defendant. This would have required service of process on or before September 26, 2011.[2] It is undisputed that Plaintiff failed to perfect service within the allotted time period and the parties agree that Defendant was served with the Summons and Complaint on October 18, 2011. Def.'s Mot. to Dismiss ¶ 2, ECF No. 5; Pl.'s Reply in Objection at 2, ECF No. 7.

On October 28, 2010, Defendant filed the pending Motion to Dismiss for Insufficient Service of Process (ECF No. 5) moving this Court to dismiss Plaintiff's Complaint without prejudice[3] pursuant to Rule 4(m). In support of its motion, Defendant argued that Plaintiff (1) failed to show good cause for her failure to timely effect service of process, and also (2) did not timely request an extension of time to serve the Complaint despite the May 27, 2011 Order from the Court instructing her to effect service pursuant to

---

[2] One hundred and twenty calendar days after Friday, May 27, 2011 fell on Saturday, September 24, 2011. Accordingly, Plaintiff had until the next business day, Monday, September 26, 2011, to perfect service.

[3] The "without prejudice" condition permits a plaintiff to re-file the complaint as if it had never been filed. *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995) (discussing Rule 4(j), which was edited without a change in substance and renumbered 4(m)). However, this condition does not protect an appellant from the consequence of time defenses, such as the statute of limitations. *Id.*

Rule 4(m). Def.'s Mot. to Dismiss ¶ 3, ECF No. 5; *see also* Order ¶ 3, ECF No. 3. According to Local Rule 105.2, Plaintiff then had fourteen days[4] to file a responsive pleading. *See* Local Rule 105.2 (D. Md. 2011). On November 18, 2011, Defendant filed a Notice of No Objection noting that Plaintiff had failed to file a responsive pleading within the appropriate time period and requesting that this Court enter an order dismissing the case in its favor. Notice of No Objection ¶¶ 2-3, ECF No. 6. Two days later, on November 20, 2011, Plaintiff filed a Reply in Objection to the Defendants [sic] Motion to Dismiss for Lack of Jurisdiction and Request for an Extension of Time (ECF No. 7).

ANALYSIS

Federal Rule of Civil Procedure 4(m) requires that a plaintiff effect service of the summons and complaint on a defendant within 120 days after the complaint is filed. Rule 4(m) reads:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. Pro 4(m).

Under Rule 12(b)(5), a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4. "Under Rule 4, plaintiff bears the burden of establishing the validity of service once service has been contested . . . or of

---

[4] Fourteen calendar days after Friday, October 28, 2011 fell on Friday, November 11, 2011 which was Veterans Day. As such, Plaintiff had until the next business day, Monday November 14, 2011, to file a responsive pleading.

demonstrating good cause[5] for any delay." *Quann v. Whitegate–Edgewater*, 112 F.R.D. 649, 662 (D. Md. 1986) (citations omitted). To establish good cause, a plaintiff must demonstrate that "reasonable and diligent efforts [were made] to effect service prior to the 120-day limit, which may include a showing that plaintiff's attempts at service were unsuccessful due to a putative defendant's evasion of process." *Hai Xu v. FMS Fin. Solutions, LLC*, ELH-10-3196, 2011 WL 2144592, at *2, n. 3 (D. Md. May 31, 2011) (quoting *Quann*, 112 F.R.D. at 659). Accordingly, "the court may find good cause 'where the plaintiff has taken some affirmative action to effectuate service of process upon the defendant or has been prohibited, through no fault of his own, from taking such an affirmative action.'" *Tann v. Fisher*, 276 F.R.D. 190, 193 (D. Md. 2011) (quoting *Tenenbaum v. PNC Bank Nat'l Ass'n*, No. DKC-102215, 2011 WL 2038550, at *4 (D. Md. May 24, 2011)). However, "inadvertence or heedless[ness] will not suffice." *Knott v. Atlantic Bingo Supply, Inc.*, JFM-05-1747, 2005 WL 3593743, at *1 (D. Md. Dec. 22, 2005)(quoting *Quann*, 112 F.R.D. at 659) (internal quotation marks omitted). Additionally, where a plaintiff never seeks an extension of time to effect service of process, the defense of good cause is undermined. *Tann*, 276 F.R.D. at 194.

---

[5] This Court recently noted that "it is unclear, in this circuit, whether Rule 4(m) vests a court with discretion to grant an extension of the 120–day deadline, in the absence of good cause." *Hai Xu v. FMS Fin. Solutions, LLC*, ELH-10-3196, 2011 WL 2144592 at *2 (D. Md. May 31, 2011). Nevertheless, this Court "consistently [has] held that, even if good cause is no longer an absolute requirement under Rule 4(m), the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule." *Tann v. Fisher*, 276 F.R.D. 190, 195 (D. Md. 2011) (quoting *Hai Xu*, 2011 WL 2144592, at *2). Moreover, "[w]here a plaintiff has failed to serve a defendant, this Court has found good cause lacking in a variety of circumstances, some quite compelling." *Hai Xu*, 2011 WL 2144592, at *2; *See, e.g., Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75 (D. Md. 2005)(holding that murder of *pro se* plaintiff's daughter did not constitute good cause to excuse failure to serve defendant within 120 days); *Knott v. Atlantic Bingo Supply, Inc.*, JFM-05-1747, 2005 WL 3593743, at *1-2 (D. Md. Dec. 22, 2005) (holding that serious illness suffered by plaintiff's counsel, which confined him to "bed rest," did not constitute good cause for failure to serve defendant within 120 days).

In this case, Plaintiff's burden is greater. In fact, "where an extension is sought after expiration of 120 days, Rule 6(b) requires that the party demonstrate that the delay in service resulted from excusable neglect." *Knott v. Atlantic Bingo Supply, Inc.*, JFM-05-1747, 2005 WL 3593743, at *1 (D. Md. Dec. 22, 2005)(explaining that Rule 6(b) permits a district court to extend the time for service "after the expiration of the specified period . . . where the failure to act was the result of excusable neglect"). "A showing of excusable neglect is a demanding standard, which the Fourth Circuit has noted is not easily demonstrated, nor was it intended to be." *Id.* (citing *United States v. Britt*, 170 F.R.D. 8, 9 (D. Md. 1996), in turn citing *Thompson v. E.I. duPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)). Therefore, the burden rests on Plaintiff to "show both that there was good cause for the lack of service, and that her delay in filing the motion to extend before expiration of the 120–day period was the result of excusable neglect." *Knott*, 2005 WL 3593743 at *1; s*ee also Mendez v. Elliot*, 45 F.3d 75, 79 (4th Cir. 1995) (finding that plaintiff failed to satisfy Rules 4(m) and 6(b) by not establishing "both good cause for the lack of service and excusable neglect for not filing the motion to extend service before the expiration of the 120–day period."). Plaintiff has failed to meet her burden in this case.

Plaintiff first argues that there was a delay in service because the process server used, Priority Plus Service, was unable to serve Defendant with process despite repeated attempts to do so. Pl.'s Reply in Objection to Def.'s Mot to Dismiss at 1-2, ECF No. 7. Specifically, Plaintiff contends that the process server for Priority Plus Service "attempted [five] or more times to serve the Defendant at [its] place of business" before being successful. *Id.* at 2. Plaintiff also claims that it has used this company for the past four years and that this is the

5

first instance of lateness despite repeated attempts of in person delivery. *Id.* However, Plaintiff's counsel also states that he waited until July 13, 2011 to mail the Summons and Complaint to the process server. *Id.* at 1. Moreover, Plaintiff's counsel indicates that he only followed-up with the process server on four occasions regarding the status of the service of process, the last of which was September 1, 2011, twenty-six days prior to the expiration of the 120-day time period. *Id.* at 2.

Although Plaintiff argues that on two occasions she was informed that the process server was unable to perfect service because no authorized representative was available to accept it, Plaintiff does not present evidence, nor does her counsel argue that Defendant sought to evade service. Moreover, in response to this argument, Defendant submits the affidavit of Thomas B. McCarthy, the Office Manager of the Maryland Office of Fulton, Friedman & Gullace, LLP who accepted service of process in this matter on October 18, 2011. McCarthy Aff. ¶ 1, ECF No. 9-1. In the affidavit, McCarthy states that he is authorized to accept service on behalf of Defendant and that prior to October 8, 2011,[6] "no one attempted to serve [him] with a Summons and Complaint in the above captioned action." *Id.* ¶¶ 2-5. Defendant also submits McCarthy's attendance record from July 13, 2011 to October 18, 2011 to indicate that apart from a one-week long vacation in August 2011 and a sick day in September, McCarthy was at work in Defendant's office and available to receive service. McCarthy Employee Time Card, ECF No. 9-2. Furthermore, McCarthy states that the office is always staffed during business hours and that none of the employees

---

[6] It is unclear why the date in the affidavit is October 8, 2011. However, this Court takes judicial notice that October 8, 2011 fell on a Saturday. As such, and given McCarthy's attendance record, he could not have accepted service of process on that day. *See* McCarthy Employee Time Card at 2, ECF No. 9-2

were approached by a process server during the time period in question. McCarthy Aff. ¶ 6-7, ECF No. 9-1.

Furthermore, Plaintiff's counsel's contention that his delay was due to a medical procedure performed on both his eyes is not sufficient to meet the good cause requirement. *See Knott*, 2005 WL 3593743, at *1-2 (holding that serious illness suffered by plaintiff's counsel, which confined him to "bed rest," did not constitute good cause for failure to serve defendant within 120 days). As such, Plaintiff failed to demonstrate good cause for failing to perfect service within the 120-day time period.

Plaintiff also fails to demonstrate that there was excusable neglect with respect to her failure to file a motion for extension of time. As mentioned *supra*, "[a] showing of excusable neglect is a demanding standard, which the Fourth Circuit has noted is not easily demonstrated, nor was it intended to be." *Knott, Inc.*, 2005 WL 3593743, at *1. First, Plaintiff's counsel merely "concedes to the Court, that there was excusable neglect" and does not submit any evidence to support this claim. Pl.'s Reply in Objection to Def.'s Mot. to Dismiss at 2-3. Assuming that Plaintiff's counsel argues that the surgery on his eyes represents grounds for excusable neglect, he failed to provide this Court with medical records or even an account of when this surgery occurred and how it affected his inability to comply with the Federal Rules of Civil Procedure. Moreover, the Kennedy Law Firm's website,[7] Plaintiff's counsel's law firm, indicates that there is another attorney in the firm who "could have taken over responsibility for seeing process served." *Knott*, 2005 WL 3593743, at *2. Additionally, Plaintiff failed to file a request for an extension of time not

---

[7] A court may consider "matters of public record" that are appropriate for judicial notice. *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *QInt'l Courier, Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006).

only until after Defendant had filed its Motion to Dismiss, but also after the time period for the filing of a responsive pleading to Defendant's motion had expired. Consequently, while Plaintiff demonstrated neglect, her counsel failed to demonstrate excusable neglect.

According to the FDCPA "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k (d). While, the "possibility that Plaintiff's claims will be time-barred if dismissed without prejudice . . . requires the Court to act prudently before dismissing a case for failure to serve within the time prescribed by" Rule 4(m), *Hai Xu*, 2011 WL 2144592 at \*3 (quoting *Knott*, 2005 WL 3593743, at \*2), "[i]t should . . . be plain to all lawyers that playing loose with the 120 days after having delayed suit until the eve of the expiration of the statute of limitations can easily have fatal consequences." Fed. R. Civ. Pro. 4 advisory committee's note C4-40. "Where as here, there is no good cause for the failure, and there is also no excusable neglect in failing to seek an extension of time, the time-bar consequence is not a sufficient reason to grant an extension." *Knott*, 2005 WL 3593743, at \*2. As a result, Defendant Fulton, Friedman & Gullace, LLP's Motion to Dismiss for Insufficient Service of Process (ECF No. 5) is GRANTED.

CONCLUSION

For the reasons stated above, Defendant Fulton, Friedman & Gullace LLP's Motion to Dismiss for Insufficient Service of Process (ECF No. 5) is GRANTED.

A separate Order follows.


Dated:     April 16, 2012         /s/_____
                                 Richard D. Bennett
                                 United States District Judge